IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | 8:05CR407 |
| v. | ) | |
| ALFREDO HERNANDEZ-AGUILAR, | ) | MEMORANDUM AND ORDER |
| Defendant. | ) | |

This matter is before the court on defendant Alfredo Hernandez-Aguilar's motion to vacate under 28 U.S.C. § 2255, Filing No. 75, and motion to appoint counsel, Filing No. 74. The defendant was convicted of conspiracy to distribute and possess with intent to distribute more than 500 grams of methamphetamine and sentenced on June 14, 2006, to 120 months in prison. Filing No. 45. At his sentencing this court denied the defendant's request for a safety-valve reduction under U.S.S.G. § 5C1.2(a). On September 10, 2007, the Eighth Circuit issued an opinion on the defendant's direct appeal affirming the district court's denial of the safety-valve. *U.S. v. Hernandez-Aguilar*, 247 Fed. Appx. 851 (8th Cir. 2007).

In his § 2255 motion, the defendant argues that his plea was involuntarily entered and his counsel was ineffective because she was told him that he would receive a three-point reduction for acceptance of responsibility and an additional two-point reduction for the safety-valve. The defendant argues that because he did not receive the safety-valve, his plea was not knowingly entered.

Claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate. *Bear Stops v. United States*, 339 F. 3d 777, 780 (8th Cir. 2003); *United States v. Wiley*, 245 F.3d 750, 752 (8th Cir. 2001). Therefore, the defendant's claim that he was incorrectly denied the safety valve is denied.

Furthermore, the defendant's claim that he did not voluntarily enter his plea or that his counsel was ineffective is also denied.

> While a guilty plea taken in open court is not invulnerable to collateral attack in a post conviction proceeding, the defendant's representations during the plea-taking carry a strong presumption of verity and pose a "formidable barrier in any subsequent collateral proceedings. . . ." Here . . . during the plea hearing [the defendant] stated that he was satisfied with his lawyer and that no threats or promises had been made to induce him to plead guilty, and admitted his guilt and volunteered statements that confirmed that admission. [The defendant] has a heavy burden to overcome those admissions and show that his plea was involuntary.

*Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997) (citations omitted). The Eighth Circuit's decision in *United States v. Granados*, 168 F.3d 343 (8th Cir. 1999), forecloses any characterization of the defendant's plea as involuntary on the ground that he believed he would receive a particular sentence or a downward departure. In *Granados*, the Eighth Circuit stated:

> On appeal from the denial of post-conviction relief, Granados contends that ineffective assistance of his counsel prejudiced him because he would not have pleaded guilty if his attorney had informed him of the sentence he would receive under the Sentencing Guidelines. This argument is meritless because the law in this circuit is clear that a defendant who pleads guilty has no right to be apprised of the sentencing options outside the statutory maximum and minimum sentences. *Thomas v. United States*, 27 F.3d 321, 326 (8th Cir. 1994). Furthermore, a defendant's reliance on an attorney's mistaken impression about the length of sentence is insufficient to render a plea involuntary as long as the court informed the defendant of his maximum possible sentence.

*Id.* at 345 (emphasis added) (citations omitted).

The plea agreement and petition to enter guilty plea the defendant signed in this matter clearly provide that the defendant knew that he was pleading guilty to a crime with a ten-year statutory mandatory minimum. Filing Nos. 21 and 22. The record discloses full compliance with Fed. R. Crim. P. 11 during the defendant's change of plea proceeding. Before accepting the defendant's guilty plea, the court explained the details of the proceedings. The court discussed the elements of the offense of conviction, explored the factual basis for the plea, ensured that the defendant had consulted with his attorney, inquired whether the defendant was fully satisfied with the representation provided by his attorney, ascertained that the defendant understood the rights he waived by virtue of his plea, inquired about the defendant's guilt, and determined that the defendant was entering his plea freely and voluntarily.

Additionally, the court confirmed that defendant knew he was subject to a "mandatory sentence of at least ten years, and up to life as the maximum." Filing No. 60, Transcript of Plea Hearing and Sentencing, 10:8-17. The defendant affirmatively stated that he understood that a ten-year mandatory minimum applied. *Id.* at 10:22-11:02. Additionally, the parties discussed the applicability of the safety valve to the defendant. The Assistant U.S. Attorney indicated that she believed it was applicable, but that the defendant had yet to be interviewed, and that the defendant had to provide a truthful interview or he would not be entitled to the safety valve. *Id.* at 11:16-23. The court confirmed that the defendant understood that if he did not qualify for the safety valve, his minimum sentence would be ten years. *Id.* at 13:1-9. It is clear from a review of the record that at the time he entered his guilty plea, the defendant knew that he was subject to a ten-year mandatory minimum and that he would not qualify for a lesser sentence unless the

safety-valve applied.  "A 'plea of guilty, knowingly and understandably made, waives all non-jurisdictional defects and defenses and equates with an admission of guilt.'" *United States v. Soriano-Hernandez,* 310 F.3d 1099, 1103 (8th Cir. 2002) (citation omitted).  The record wholly contradicts the defendant's claim that his plea was not voluntary, knowing or intelligent.  The defendant has not carried the "heavy burden to overcome [his] admissions and show that his plea was involuntary." *Nguyen v. United States*, 114 F.3d at 703.

Because the court finds no merit to the defendant's motion to vacate under § 2255, the court denies the defendant's request for the appointment of counsel.

IT IS ORDERED that the defendant Alfredo Hernandez-Aguilar's motion to vacate under 28 U.S.C. § 2255, Filing No. 75, and motion to appoint counsel, Filing No. 74, are denied.

DATED this 19th day of August, 2008.

BY THE COURT:


s/ Joseph F. Bataillon
Chief United States District Judge